**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff(s)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| JAMES ECKERT,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY, OFFICER DEAR, WARDEN DAVID KELSEY, COUNTY OF ATLANTIC, and JOHN DOES 1-10, jointly, severally and/or in the alternative,<br><br>Defendant(s), | CIVIL ACTION NO:<br><br><br>**COMPLAINT** |

James Eckert currently residing in Mays Landing, New Jersey by way of Complaint against the defendants says:

### INTRODUCTION

1) On or about July 31, 2020, the plaintiff James Eckert was illegally strip searched in the Defendant Atlantic County Justice Facility, and while shackled and handcuffed, was assaulted by Defendant Corrections Officer Dear who used excessive force upon the plaintiff, including kicking him in the face while he was restrained, causing severe and permanent injuries and fracturing of his facial bones requiring multiple surgeries and insertion of metal plates, titanium rods, and screws in his face.

2) The Plaintiff James Eckert suffered severe and permanent injuries from the violent and vicious and unprovoked attack and excessive use of force at the hands of the individual defendant officers. Defendants Atlantic County Justice Facility, Atlantic County, and Warden David Kelsey were deliberately indifferent to the use of excessive force upon inmates by its Corrections Officers including defendant Officer Dear in violation of their own policy which mandates zero tolerance. The Defendants Atlantic County, Atlantic County Justice Facility, and Warden David Kelsey were further negligent, reckless, or deliberately indifferent in the hiring, training, retention and supervision of the Defendant correction officers permitting and encouraging them to use excessive force upon inmates, and to destroy and conceal evidence in relation to the same.

## **PARTIES**

1) Plaintiff James Eckert is and was residing within Mays Landing, State of New Jersey and at all times referenced herein was an inmate incarcerated in the custody of Defendant Atlantic County Justice Facility.

2) At all times mentioned herein, the defendants Atlantic County Justice Facility and County of Atlantic are political subdivisions of the State of New Jersey and amongst its other functions operates and maintains a County owned and operated prison known as the Atlantic County Justice Facility. Defendant Atlantic County Justice Facility is under a duty to run its correctional activities in a lawful manner so as to preserve the rights, privileges, and

immunities guaranteed and secured to its inmates by the Constitution and Laws of the United States and the State of New Jersey.

3) On information and belief, defendants Officer Dear, Warden David Kelsey, and John Does 1-10 are adult resident citizens of Atlantic County, State of New Jersey and employees of the Atlantic County Justice Facility and County of Atlantic who were acting by virtue of their position as Warden and Correction Officer of the Atlantic County Justice Facility and under Color of State Law. These individual defendants set forth above are sued individually and in their official capacity as employees and officers of the Atlantic County Justice Facility and Atlantic County.

4) Upon information and belief, the defendant John Does 1-10 are adult resident citizens of Atlantic County, New Jersey, and were acting by virtue of their position as employees of the Atlantic County Justice Facility and County of Atlantic under Color of State Law. Defendant John Does 1-10 are sued individually and in their official capacity as employees of Atlantic County Justice Facility and/or County of Atlantic.

## JURISDICTION AND VENUE

1) Each of the acts of the defendants Dear, Kelsey, and John Does 1-10 were performed under the color and pretense of the Constitutions, Statutes, Ordinances, Regulations, Customs and Usages of the United States of America, and the State of New Jersey, County of Atlantic, and the Atlantic County Justice Facility, and under the authority of the Warden and Correction Officers for Atlantic County Justice Facility.

2) The incident which gives rise to this cause of action occurred within the jurisdiction and within the two years of the filing of this Complaint.

3) Venue is proper in this matter pursuant to 28 U.S.C. § 1391 as all defendants are residents of this district and all acts or omissions which gives rise to the cause of action occurred within the district.

4) Jurisdiction is proper pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3)(4) and 42 U.S.C. § 1983. Plaintiff further invokes pendant and subject matter jurisdiction of this Court to hear and decide claims arising under State Law pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1) On or about July 31, 2020, at approximately between 8:00 and 9:00 P.M., the plaintiff James Eckert while a prisoner at the Atlantic County Justice Facility was illegally strip searched, restrained in handcuffs and then severely assaulted, and falsely charged with criminal charges by the defendants Warden Kelsey, Officer Dear, and John Does 1-10, and was thereafter, stripped naked, in violation of policies and procedures and Attorney General guidelines relating to strip searches, handcuffed, physically attacked, beaten with hands, fists, knees, kicks, kicked in the face while handcuffed on the floor, knocked unconscious, and otherwise brutally beaten by defendant Dear and thereafter falsely charged with criminal Complaints to cover up these defendants wrong doing.

2) Defendants Dear and John Does 1-10, committed the aforementioned actions and/or omissions under the Color of Law and by virtue of their authority as Law Enforcement/Correctional Officers for defendants Atlantic County Justice Facility and County of Atlantic, and have substantially deprived the plaintiff of his clearly established rights, privileges, an immunities guaranteed to him as a citizen of the United States and of New Jersey in violation of 42 U.S.C. § 1983 and NJSA 10:6-2 the New Jersey Civil Rights Act, and deprived the plaintiff of his rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendment of the United States Constitution and its New Jersey constitution counterparts including but not limited to:

   (a) the freedom from unlawful search and seizure;

   (b) the freedom from unlawful arrest and seizure of their persons;

   (c) the freedom from unreasonable, unjustified, and excessive force;

   (d) the freedom from the deprivation of liberty and property without due process of law;

   (e) the freedom from summary punishment;

   (f) the freedom from state created dangers;

   (g) the freedom from arbitrary government activity which shocks the conscience of civilized community and society; and

   (h) the freedom from cruel and unusual punishment.

3) As a direct and proximate result of the acts and omissions of these defendants, Kelsey, Dear, and John Does 1-10, the plaintiff's Constitutional Rights were violated, and plaintiff was severely injured and sustained severe and

permanent injuries necessitating medical treatment and was forced to defend himself in criminal charges falsely filed against him.

## SECOND COUNT

## FEDERAL CONSTITUTION VIOLATIONS

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey was and is under a duty to supervise members of the Atlantic County Justice Facility and to ensure that the policing activities of the Atlantic County Justice Facility are run in a lawful manner preserving to the inmates of Defendant Atlantic County Justice Facility their rights, privileges, and immunities guaranteed to them by the Constitution of both the United States of America and the State of New Jersey.

2) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice, and custom of its correctional officers, particularly defendants Dear and John Does 1-10 of violating the Constitutional Rights of the inmates in the facility, including the plaintiff. In particular, the Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey had actual knowledge that these individual defendants, Dear and John Does 1-10 had propensity to deprive the inmates of the Atlantic County Justice Facility of their Constitutional

Rights and failed to take proper action to protect the inmates of Atlantic County Justice Facility, including the plaintiff from these defendants.

3) The actions of the defendants were deliberately indifferent, unjustified, unreasonable, unconstitutional, deprived the plaintiff of his Constitutional Rights in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and their New Jersey Constitutional Counter Parts.

4) The defendants Atlantic County Justice Facility, County of Atlantic, and Warden Kelsey are directly liable for plaintiff's damages due to the following Policies, Statements, Ordinances, Regulations or Decisions formally adopted and propagated by the government rule makers which were in effect at the time of the incident, and which were the underlying cause of plaintiff's injuries:

   (a) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey formally adopted policies and standard operating procedures designed to prevent formal complaints from being filed within by favoring the statements of correctional officers over the statements of inmates complaining of abuse or misconduct resulting in the exoneration of the officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of the officers is tolerated, condoned and ratified by the Defendants

Atlantic County, Atlantic County Justice Facility, and Warden Kelsey, thus creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the inmates including the plaintiff.

5. Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey are directly liable for the plaintiff's damages due to the following policies, practices and customs of the Atlantic County Justice Facility and Atlantic County which were in effect at the time of the incident and which were the underlying cause of plaintiff's injuries:

(a) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice or custom of allowing correctional officers including the defendants named herein, Dear and John Does 1-10 to employ excessive force, while effectuating searches, creating an atmosphere of illegal and unconstitutional behavior in deliberate disregard and reckless disregard of the welfare of the inmates, including the plaintiff;

(b) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled policy, practice and custom of allowing correctional officers including the defendants, Dear and John Does 1-10 to use excessive force and unreasonable force without fear of discipline, creating an

atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard for the welfare of the inmates, including the plaintiff;

(c) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice allowing correctional officers including, defendants Dear and John Does 1-10 to falsify arrests and charge inmates without probable cause as a tool to conceal their own illegal and unreasonable conduct, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of inmates including the plaintiff;

(d) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice or custom allowing correctional officers including, defendants Dear and John Does 1-10 to file false reports, fabricate evidence, destroy evidence, and make false statements as a tool to conceal their own illegal and unreasonable conduct in deliberate indifference and reckless disregard for the welfare of the inmates, including the plaintiff;

(e) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice of failing to protect the inmates of Atlantic County Justice Facility from unconstitutional actions of correctional officers

including defendants Dear and John Does 1-10 by exonerating rogue officers, by refusing to investigate complaints, and by convincing inmates not to file formal complaints with the Internal Affairs Unit and by creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard for the welfare of the inmates including the plaintiff.

(f) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice of refusing to adequately respond to and investigate complaints regarding officer misconduct by the inmates including, but not limited to complaints regarding search and seizure procedures, strip searches, and the use of excessive physical force, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the inmates including the plaintiff;

(g) Defendants Atlantic County, Atlantic County Justice Facility, and Warden Kelsey have a permanent and well settled practice of violating their own policies and procedures in relation to the use of force and strip searches as well as the Attorney General Guidelines relating to the use of force and the removal of officers from the line of duty pending administrative investigations thus creating an atmosphere of illegal and unconstitutional behavior and

deliberate indifference and reckless disregard of the welfare of the inmates including the plaintiff.

6. Defendants County of Atlantic, Warden Kelsey, and Atlantic County Justice Facility are directly liable for plaintiff's damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring which were in effect at the time of this incident and which were the underlying cause of plaintiff's injuries:

(a) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey failed to adequately train and supervise police officers including defendants, Dear and John Does 1-10, regarding proper arrest procedures and techniques, the proper use of force, probable cause determinations, search and seizure, criminal investigations and internal affairs procedures such as the failure to train and such failure to train at the obvious consequence leading to the constitutional violations and deliberate indifference and reckless disregard of the welfare of the inmates including the plaintiff;

(b) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey failed to adequately monitor and evaluate the performance of its officers including defendant Dear and John Does 1-10 and their compliance with the laws and policies, practices and customs with respect to probable cause determinations, arrest procedures, internal affairs procedures, the use of force in criminal

investigations in deliberate indifference and reckless disregard of the welfare of the inmates including the plaintiff;

(c) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey repeatedly and knowingly has failed to properly train its officers including defendants with respect to the violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of force, probable cause determinations, arrest procedures, search and seizure, internal affairs procedures, creating a pattern, policy, practice, custom or atmosphere or such illegal and unconstitutional behavior as tolerated, condoned and accepted by the Atlantic County Justice Facility with deliberate indifference to the reckless disregard of the inmates, including the plaintiff;

(d) Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey allow their officers to engage in conduct that violates the constitutional rights of persons in custody, including the plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated and condoned in reckless disregard and in deliberate indifference to the welfare of the inmates including the plaintiff;

(e). Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey knew that a "code of silence" existed between and

amongst their Warden, officers, and their other personnel employed by Atlantic County Justice Facility whereby officers would not report this conduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the inmates in deliberate indifference to and in reckless disregard of the constitutional rights of the inmates including the plaintiff.

7. Further, defendants Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey are liable for defendants Dear and John Does 1-10 actions under the doctrine of agency, vicarious liability, employer/employee relationship, master servant, and respondeat superior and as a result of their non-delegable duty to provide officers who comply with the constitutions of the law of the United States of America and the State of New Jersey.

8. It is further alleged that Defendant Kelsey is liable to Plaintiff under the theory of supervisor liability as he had knowledge of Defendant's conduct and violations, and failed to prevent or report the same.

9. As a direct and proximate result of the foregoing policies, practices and customs of the Atlantic County and Atlantic County Justice Facility violation of the constitutional rights of the citizens of Atlantic County were substantially certain to occur.

10. As a direct and proximate result of the foregoing policies, practices and customs of Atlantic County, the Atlantic County Justice Facility, and Warden Kelsey, the plaintiff's constitutional rights were violated and the plaintiff was injured and damaged all to her detriment.

## THIRD COUNT

## CONSPIRACY TO VIOLATE CIVIL RIGHTS

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1. The defendants and each of them conspired to violate the civil rights of the plaintiff by targeting him for unwarranted violence, subjecting him to malicious prosecution, coordinating false stories and reports against the plaintiff, filing false criminal charges against him to incriminate him and rationalize their violence and mistreatment toward the plaintiff in addition to coordinating their stories and rationalization so as to conceal the extent of the damage that the defendants perpetrated against the plaintiff.

## COUNT FOUR

## PUNITIVE DAMAGES AGAINST DEFENDANTS KELSEY, DEAR, AND JOHN DOES 1-10

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1. The actions and/or omissions of the defendants Dear, Kelsey, and John Does 1-10 complained of herein were unlawful, conscious shocking, unconstitutional and performed maliciously, recklessly, fraudulently,

intentionally, willfully, wantonly, in bad faith and in such a manner to entitle the plaintiff to a substantial award of punitive damages against the defendants.

2. As a direct and proximate result of the aforementioned actions and omissions of the defendants, plaintiff has been injured and damage all to his detriment. The damages for which plaintiff seeks compensation from the defendants both jointly and severally include but are not limited to the following, emotional distress, pain and suffering, loss of enjoyment of life, fright, fear, humiliation, aggravation, anxiety, and attorney's fees pursuant to 42 U.S.C. §1988, punitive damages, pre-imposed judgment interest, declaratory relief holding that the policies, practices and/or customs of the defendants complained of are illegal and unconstitutional and preclusion of defendants, Dear and John Does 1-10 from serving in the capacity of law enforcement officers and such other equitable and general relief as the court deems just and proper.

## COUNT FIVE

### STATE LAW TORTS AGAINST DEFENDANTS
### Dear and John Does 1-10

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1. The acts, omissions and conducts of defendants Dear and John Does 1-10 constitute assault, battery, trespass, trespass to chattels, false arrest, false imprisonment, conspiracy, negligent infliction of emotional distress and intentional infliction of emotional distress.

2. As a direct and proximate result of the aforementioned acts and omissions of

Defendants Dear and John Does 1-10, the plaintiff has been damaged and injured all to his detriment.

Jury is respectively demanded of the trier of the issues set forth herein.

CASTELLANI LAW FIRM, LLC

Date:

_____
DAVID R. CASTELLANI, ESQUIRE
Attorney for Plaintiff(s), James Eckert